Case 1:08-cv-00224   Document 1   Filed 01/10/2008   Page 1 of 7

FILED
JANUARY 10, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 224

JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE SCHENKIER

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| David Marsh, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| National Financial Systems, Inc. ) | |
| ) | |
| Defendant. ) | Jury Demanded |

## COMPLAINT

Plaintiff, David Marsh, brings this action for damages against Defendant, National Financial Systems, Inc., for its violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

### JURISDICTION AND VENUE

1. The jurisdiction of the Court is invoked as authorized by § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant attempted to collect a consumer debt from Plaintiff here.

### PARTIES

3. Plaintiff, David Marsh, is a citizen of the State of Illinois residing in the Northern District of Illinois from whom Defendant tried to collect a consumer debt. At all times relevant to this Complaint, Plaintiff has been over the age of eighteen.

4. Defendant, National Financial Systems, Inc. ("NFS"), a New York corporation headquartered in Hicksville, New York, is a debt collector under § 1692a(6) of the FDCPA

1

because it regularly collects debts owed or due, or asserted to be owed or due, to others.

## FACT ALLEGATIONS

5. On or about October 1, 2007, a NFS representative telephoned Plaintiff's mother (who resides in Michigan), identified himself as attorney Mitch Abrams, and stated he represented a bank and needed to speak to Plaintiff prior to filing suit against Plaintiff. Plaintiff does not reside with his mother. Plaintiff's mother took Abrams' contact information and immediately forwarded it to Plaintiff. NFS contacted Plaintiff's mother in Michigan despite knowing that Plaintiff resided in Chicago, Illinois. See Exhibit A.

6. Approximately one hour after Abrams telephoned Plaintiff's mother, Plaintiff telephoned NFS and spoke with a man identifying himself as Abrams. This was NFS' initial communication with Plaintiff regarding this alleged debt. Abrams told Plaintiff that Abrams was an attorney and that he intended to file suit against Plaintiff that same day for an alleged debt on Plaintiff's alleged Citibank credit card unless Plaintiff agreed to pay that day the entire amount Abrams' alleged was due by giving Abrams his bank account number so that payment could be made via a check by phone.

7. Plaintiff initially agreed and told Abrams he would call him back later that day with the bank account information. Plaintiff then contacted an attorney and checked the attorney registries for both New York and Illinois and discovered there was no Mitch Abrams licensed to practice law in either state. Plaintiff then telephoned NFS, spoke to a man who identified himself as Fred Banks, and told Banks the only way Plaintiff would pay the alleged debt was by sending a check directly to Citibank. Banks told Plaintiff this was possible.

8. The next day, a man identifying himself as Abrams telephoned Plaintiff's mother, who told Abrams that Plaintiff had contacted an attorney. Abrams hung up the phone.

2

9.  On or about October 3, 2007, Plaintiff telephoned NFS and spoke to a man identifying himself as Banks. Plaintiff told Banks that Plaintiff only would pay Citibank directly. Plaintiff then provided Banks with his cell phone number and instructed Banks not to contact Plaintiff's parents again. Minutes after this conversation ended, NFS telephoned Plaintiff's parents and told Plaintiff's mother that Plaintiff owed Citibank approximately $1900 and needed to pay NFS immediately to avoid being sued. Plaintiff's mother promptly informed Plaintiff of this call.

10. Upon learning that NFS had telephoned his parents and informed them of the amount of the alleged debt and the identity of the alleged creditor, Plaintiff again telephoned NFS and again spoke to a man identifying himself as Banks. Plaintiff again told Banks not to contact his parents, and then told Banks not to contact Plaintiff either.

## COUNT I
### Violation of § 1692g of the FDCPA

11. Plaintiff adopts and realleges the allegations in ¶¶ 1-10.

12. The FDCPA requires a debt collector, within five days of its initial contact with the consumer, to give the consumer written notice that the consumer has 30 days from receipt of the notice to demand that the debt collector provide proof of the alleged debt's validity. See 15 U.S.C. § 1692g. The debt collector may not undermine the effectiveness of the validation period by making strong and misleading threats to sue the alleged debtor during the validation period.

13. NFS undermined Plaintiff's validation rights when, in its initial communication with Plaintiff and prior to the expiration of the 30-day dispute period granted Plaintiff by § 1692g, NFS demanded Plaintiff immediately pay the entire amount NFS alleged Plaintiff owed or else NFS would file suit against Plaintiff that same day.

14. NFS' violation of § 1692g of the FDCPA renders it liable to Marsh for damages, costs and attorneys' fees. See 15 U.S.C. § 1692k.

## COUNT II
### Violations of § 1692c of the FDCPA

15. Plaintiff adopts and realleges the allegations in ¶¶ 1-14.

16. Section 1692c(b) of the FDCPA prohibits a debt collector, in connection with the collection of any debt, from communicating with third-parties regarding the alleged debt without the consumer's prior consent given directly to the debt collector. This includes the consumer's parents when the consumer is a legal adult.

17. Section 1692c(a)(1) of the FDCPA prohibits a debt collector, in connection with the collection of any debt, from communicating with the consumer at any place known to be inconvenient to the consumer.

18. In violation of § 1692c(b), NFS telephoned Plaintiff's mother and disclosed to his mother the identity of the alleged creditor and the amount of the alleged debt. Plaintiff, a legal adult, did not consent to NFS disclosing this information to his mother. In fact, NFS made this disclosure minutes after Plaintiff instructed NFS not to contact his parents and provided NFS with Plaintiff's cell phone number for future contacts.

19. In violation of § 1692c(a)(1), NFS attempted to communicate with Plaintiff at his parents' residence, a place at which Plaintiff had informed NFS it was not to contact him.

20. NFS' violations of § 1692c of the FDCPA renders it liable to Plaintiff for damages, costs and attorneys' fees. See 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, David Marsh, prays that this Court:

a. Enter judgment in favor of Plaintiff, and against NFS, for statutory damages, costs and attorneys' fees;

b. Enjoin NFS from attempting to collect the alleged debt and from reporting the alleged debt on Plaintiff's credit report; and

c. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff demands a jury trial on all claims.

David Marsh

s/ Katherine A. Hathaway
One of Plaintiff's Attorneys

Dated: January 10, 2008

James Shedden
Tony Kim
Katherine A. Hathaway
Schad, Diamond & Shedden, PC
332 S. Michigan Avenue, Suite 1000
Chicago, Illinois 60604
(312) 939-6280

**FROM:**
600 W JOHN ST
P.O. BOX 9041
HICKSVILLE NY 11802-9041

44550
486394

Return Service Requested

 59310662-1-T4

**NFS** NATIONAL FINANCIAL SYSTEMS, INC.

Phone: (516) 932-1400     Fax: (516) 932-8828
Date: October 2, 2007
**AMOUNT DUE: $1,974.80**

\*\*\*\*\*AUTO\*\*MIXED AADC 117
MARSH, DAVID
3110 N SHERIDAN RD APT 1707
CHICAGO IL 60657-4943

59310662-1-T4

NATIONAL FINANCIAL SYSTEMS
600 W JOHN ST
P.O. BOX 9041
HICKSVILLE NY 11802-9041

• Detach Here •        Please detach and return with payment.        • Detach Here •

THIS ACCOUNT HAS BEEN PLACED WITH OUR OFFICE FOR THE PURPOSE OF COLLECTING THE AMOUNT LISTED BELOW.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THE DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

IF YOU WISH TO DISCUSS THIS DEMAND FOR PAYMENT, DO NOT HESITATE TO CALL.

IF PAYMENT IS NOT MADE, COLLECTION EFFORTS AS WELL AS INTEREST WILL CONTINUE.

NATIONAL FINANCIAL SYSTEMS, INC. 600 W JOHN ST, P.O. BOX 9046 / HICKSVILLE, NY 11801-1040

CALL TOLL FREE 1 (800) 568-2733
MON THRU THUR 8:00AM TO 9:00PM/FRI 8:00AM TO 5:00PM/SAT 8:00AM TO NOON EST
**THIS IS A DEBT COLLECTION AGENCY**
**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**
*PLEASE SEE OTHER SIDE FOR IMPORTANT INFORMATION*

10/2/07

FOR: VISA

MARSH, DAVID
3110 N SHERIDAN RD APT 1707
CHICAGO IL 60657-4943


EXHIBIT A

Payments should be made payable to our client shown belo
Re: YOUR ACCOUNT WITH OUR CLIENT:
Citibank (South Dakota) NA

ACCT# ▸ ███████████
AMOUNT DUE ▸ $1,974.80

To Residents in:

COLORADO:
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.ago.state.co.us/CADC/CADCmain.cfm.

MINNESOTA:
This collection agency is licensed by the Minnesota Department of Commerce.

NEW YORK CITY:
New York City Department of Consumer Affairs license number 0808844.

NORTH CAROLINA:
North Carolina collection agency permit number 3254.

TENNESSEE:
This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance. 500 James Robertson Parkway, Nashville Tennessee 37243.

THIS INFORMATION IS NOT INTENDED AS LEGAL ADVICE AND SHOULD NOT BE USED TO REPLACE THE ADVICE OF YOUR OWN LEGAL COUNSEL. ANY INFORMATION CONTAINED IN THIS TRANSMISSION IS BASED ON THE SENDER'S RESEARCH AND EXPERIENCE IN WORKING WITH THESE ISSUES.

For inquiries, call 1-866-463-5443 1:00 pm - 3:00 pm est Monday - Thursday.